# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY EUGENE WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-028-TCK-FHM |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. After the Court denied a motion to dismiss for failure to exhaust, see Dkt. # 10, Respondent filed a response (Dkt. # 13) to the petition. Petitioner filed a reply (Dkt. # 15). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On the evening of June 28, 2004, a man, later identified as Petitioner Larry Eugene Wright, entered a house in Bixby, Oklahoma. Donald Nigh, who lived in the house with his adult son, David Nigh, David's fiancée, Trish Croff, and his three grandchildren, was present in the house alone with the three children. According to Donald Nigh, the man entered his room, put a gun to his head, and threatened to kill him if he did not tell him where to find the money. The man put a pillowcase over Donald Nigh's head and tied him up using a belt from a bath robe. The man then rummaged through the house, placing various items, including suitcases, a laptop computer, silverware and liquor on the back porch. After about thirty minutes, David Nigh and Trish Croff returned home and saw that the house had been ransacked. They checked on the well-being of the children, who were all asleep,

and called the Bixby police. Upon arrival, the police found a man on the staircase, dressed in dark clothing and wearing a baseball cap. He also had pantyhose on his head and he was carrying a pillowcase. The pillowcase held items belonging to the Nighs, including watches, a jewelry box, a makeup holder, a pocket knife, tie tacks, a gold belt buckle, a cell phone, a gold money clip, and a paper weight with coins inside. The man attempted to flee, but he fell off the back porch. As he fell, one of the police officers saw the baseball cap and another object fall to the ground. After wrestling with police, the man was apprehended and arrested at the back of the Nigh property. He was searched and police found his pockets full of cash, checkbooks, car keys, social security cards, and jewelry. The police returned to the house to recover the ball cap. Next to the cap, the police officer found a loaded revolver. The serial numbers had been filed off the weapon.

Based on those events, Petitioner was charged with multiple felony offenses in Tulsa County District Court, Case No. CF-2004-2898. On May 16, 2005, Petitioner's jury trial began. Petitioner testified in his own defense. He told the jury that he had been invited to the house by Donald Nigh, that the house had already been ransacked when he arrived, and that the incidents at the house were part of a plan to secure $30,000 for Donald Nigh. He denied that he had a gun. On May 19, 2005, Petitioner was convicted of Robbery with Firearm (Count II); Possession of Firearm After Former Conviction of a Felony (Count IV); Possession of Firearm with Altered Serial Number While in Commission of a Felony (Count V); and Obstructing an Officer (Count VI). He was acquitted of First Degree Burglary (Count I) and Kidnapping (Count III). In accordance with the jury's recommendation, Petitioner was sentenced to twenty-five (25) years imprisonment and a $5,000 fine on Count II; ten (10) years imprisonment and a $5,000 fine on Count IV; five (5) years imprisonment and a $1,000 fine on Count V; and one (1) year in the county jail and a $500 fine on

Count VI. His sentences were ordered to be served concurrently. Petitioner was represented at trial by attorney Richard Clark.

Represented by attorney Stuart Southerland, Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). He raised seven (7) propositions of error, as follows:

> Proposition 1: Under the facts of this case, Appellant's conviction for possession of a firearm with an altered serial number while in commission of a felony violates constitutional and statutory prohibitions against double punishment. Appellant's conviction in Count V must be reversed with instructions to dismiss.
>
> Proposition 2: Appellant's convictions in Count II, Robbery with Firearm, and Count IV, Possession of a Firearm After Former Conviction of a Felony, violate 21 O.S.2001, § 11.
>
> Proposition 3: It was reversible error to present the prior felony conviction for feloniously carrying a firearm (possession of a firearm AFCF) in support of the charge of possession of a firearm after former conviction of a felony in Count IV of the information during the first stage of Appellant's trial.
>
> Proposition 4: Various instances of prosecutorial misconduct occurred throughout trial, which ultimately served to deny Appellant his right to a fair trial guaranteed by the Oklahoma and United States Constitutions, including *voir dire* misconduct, misconduct during witness testimony, and closing argument misconduct.
>
> Proposition 5: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Proposition 6: It was error to deny Appellant's request to instruct the jury as to the parole restrictions imposed by 21 O.S.2001, §§ 12.1, 13.1.
>
> Proposition 7: The accumulation of error in this case deprived Appellant of due process of law and a reliable sentencing proceeding, therefore necessitating reversal pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

See Dkt. # 13, Ex. 2. In an unpublished summary opinion, filed December 5, 2006, in F-2005-557, the OCCA found that prosecutorial misconduct during closing argument warranted reversal of Petitioner's Count IV conviction for possession of a firearm AFCF. See Dkt. # 13, Ex. 4. The OCCA rejected Petitioner's other claims and affirmed Petitioner's convictions and sentences on Counts II, V, and VI. Id. The OCCA also remanded the case to the district court for *nunc pro tunc* correction of the Judgment and Sentence to reflect that in Count V, Petitioner was charged and convicted under Okla. Stat. tit. 21, § 1550(A). Id.

Petitioner filed an application for post-conviction relief in the state district court. He identified two (2) issues, as follows:

Ground 1: The Oklahoma Court of Criminal Appeals should have made two separate modifications based on defense counsel's actions. To fail to do so denied Petitioner his Sixth and Fourteenth Amendment rights guaranteed by the U.S. Constitution (Ct. II should have been modified from 25 years to 10 years).

Ground 2: Petitioner has been denied his rights to Equal Protection of the law where the State of Oklahoma erroneously created two separate classes of defendants when it comes to notifying the jury panel of the 85% rule.

(Dkt. # 13, Ex. 6, attached order). That application was denied by order filed on June 19, 2007.[1] See id. On August 22, 2007, Petitioner filed a post-conviction appeal and included a handwritten note on the district court's order stating that it was received on June 21, 2007. Id. By Order filed November 6, 2007, in PC-2007-843, the OCCA dismissed the post-conviction appeal as untimely filed. See Dkt. # 13, Ex. 7.

---

[1] Although the state district court's order was signed on June 5, 2007, see Dkt. # 13, Ex. 6, attached order, it was not filed of record and mailed to Petitioner until June 19, 2007. Petitioner had thirty (30) days from June 19, 2007, or until July 19, 2007, to perfect a timely post-conviction appeal. See Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*.

On January 16, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises three (3) claims in his petition for writ of habeas corpus:

> Ground 1: The Oklahoma Court of Criminal Appeals (F-2005-557) should have made two separate modifications based on defense counsel's actions. To fail to do so denied petitioner his Sixth and Fourteenth Amendment rights guaranteed by the U.S. Constitution.
>
> Ground 2: Petitioner has been denied his rights to equal protection of the laws, where the State of Oklahoma has erroneously created two separate classes of defendants when it comes to notifying a jury panel of the 85% Rule.
>
> Ground 3: Various instances of prosecutorial misconduct occurred throughout trial, which ultimately served to deny petitioner his right to a fair trial guaranteed by the Oklahoma and United States Constitutions.

(Dkt. # 1). In response to the petition, Respondent asserts that grounds 1 and 2 are procedurally barred and that as to ground 3, habeas corpus relief is not warranted under 28 U.S.C. § 2254(d). See Dkt. # 13.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claim adjudicated on the merits by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision

"was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In ground 3 of his habeas petition, Petitioner alleges that his trial was rendered fundamentally unfair by prosecutorial misconduct. See Dkt. # 1. Petitioner specifically alleges that the OCCA committed error when finding his direct appeal proposition IV to be meritorious, but failing to reduce his sentence for Robbery With a Firearm (Count II) from 25 years to 10 years. Id. Petitioner acknowledges that the OCCA granted relief on this claim by reversing his conviction for Possession of a Firearm After Former Conviction of a Felony. However, he argues that the prosecutor's improper comments during *voir dire*, during cross-examination of Petitioner, and during closing argument "fatally tainted the trial" as to the robbery charge and, as a result, the OCCA should have also modified his sentence for Robbery with a Firearm to ten (10) years.[2] In

---

[2]Petitioner did not specifically request that his sentence for Count II be modified to 10 years as part of his fourth proposition of error as raised on direct appeal. See Dkt. # 13, Ex. 2. As part of his sixth proposition of error, however, he did request modification of his sentence for Count II based on the trial court's failure to instruct on the 85% Rule. Id.

6

reversing Petitioner's conviction for Felonious Possession of a Firearm (Count IV) based on prosecutorial misconduct, the OCCA ruled as follows:

> The Court finds nothing improper in the challenged comment made during *voir dire*. And regarding the State's cross examination of Wright, this Court notes that the trial court was consistent, and even generous, in sustaining defense counsel's objections to the prosecutor's questions. This Court finds no lingering prejudice from the challenged remarks.
>
> Regarding the State's closing arguments, however, we reach a different conclusion. Two prosecutors participated in Wright's trial. During the State's initial closing argument, the less-experienced prosecutor listed the elements for Wright's Count IV charge of possession of a firearm AFCF, noting Wright's 1987 conviction in Creek County, and then argued as follows: "What was that? Feloniously Carrying a Firearm. Exact same thing. He told you himself he's a convicted felon numerous times. What's he doing? Same thing. Hasn't changed. He's still walking around with pistols --." At this point defense counsel objected and asked for a side bar.
>
> During the extensive side bar that followed, the trial court agreed with defense counsel that the prosecutor's argument was "totally inappropriate," "highly prejudicial," and that the matter was "very serious." The trial court explained to the more-experienced prosecutor, who attempted to defend the challenged remarks, that the prior conviction was admitted only for the limited purpose of establishing the fact of a prior conviction, and that the challenged propensity argument, *i.e.*, "because he did it before, he's guilty," was "highly inappropriate." After considering Wright's motion for mistrial, the trial court chose instead to admonish the jury that the State's preceding argument regarding Count IV was "completely contradictory and not consistent to the law as stated by the Court." The court instructed jurors to completely disregard this portion of the State's argument.
>
> The more-experienced prosecutor presented the State's final closing argument. During this closing the prosecutor repeatedly suggested that in order to acquit the defendant, the jury had to believe everything he said--in effect distorting the State's burden of proof by suggesting that Wright could only be acquitted if the defense could establish that Wright was being completely truthful.
>
> While the State acknowledges in its brief that the challenged closing argument statements were "improper," the State maintains that in light of the trial court's admonitions to the jury, Wright was not prejudiced by the improper comments. This Court has recognized that although a trial court admonishment regarding an improper argument generally cures any error, "[s]ome misconduct is so flagrant than [sic] an admonition cannot cure the error."
>
> The evidence supporting Wright's convictions in this case was certainly substantial. Nevertheless, the jury apparently did find portions of the State's case lacking, since it acquitted Wright on the charges of first-degree burglary and kidnapping. This Court finds that the State's prosecutorial misconduct during closing arguments merits the reversal of Wright's Count IV conviction for possession

7

of a firearm AFCF. The State's propensity argument regarding Count IV-- that Wright has already been convicted of this "exact same thing," that he "hasn't changed," and that he is "still walking around with pistols"-- is particularly troubling, since there had been substantial prior discussion in this case of the *limited* purpose for which the prior conviction was being admitted and of the possible prejudice arising from the similarity of this prior conviction with the charged offenses.

    Although this Court is also very troubled by the State's improper arguments regarding the burden of proof, we note that the jury in this case was admonished to disregard the improper remarks and was clearly and properly instructed regarding the burden of proof. Furthermore, we note that Wright's jurors apparently *did* understand that they could find him not guilty, even if they did not believe all of his testimony, *i.e.*, the jury did not accept the State's argument about having to believe everything he said in order to acquit. Looking at the jury's verdicts in the context of the entire trial, it is clear that the jury did not believe *everything* that Wright said; otherwise the jury would have acquitted him on all counts. Nonetheless, the jury's verdicts suggest that the jury did hold the State to its burden of proof, and that it found the State's case to be inadequate regarding Counts I and III. We find that the improper prosecutorial arguments in the current case merit the reversal of Wright's conviction on Count IV, but that no other relief is necessary.

(Dkt. # 13, Ex. 4 at 9-12 (emphases in original, footnotes omitted).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

Petitioner is not entitled to habeas corpus relief on this claim because he has failed to demonstrate that the OCCA's failure to grant additional relief, in the form of a reduced sentence on his Robbery With Firearm conviction, was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. In his reply (Dkt. # 15), Petitioner argues that he was "prejudiced in regard to the jury's determination of his punishment." He complains that the "prosecutor's inquiries and comments exceeded the purpose of questioning the Petitioner's credibility on the witness stand. He repeatedly directed such dialog concerning the similarity of the prior firearm related felony toward both the felony firearm charge and the robbery which were before the jury, effectively seeking to present the Petitioner's propensity to commit such crimes." Id. However, as noted by the OCCA, the evidence supporting Petitioner's conviction for Robbery With a Firearm was substantial. The jury heard Donald Nigh testify that a "hijacker" came in the house, put a gun to his head, and threatened to "blow his head off" unless he told him the location of the money. See Dkt. # 14, Tr. Trans. at 243-44. The man tied up Donald Nigh and went through closets and drawers. Id. at 245. Donald Nigh's son and fiancée returned home to find their house ransacked. Id. at 264, 292. Police arrived and pursued the suspect who dropped valuables, his cap, and a loaded handgun as he attempted to escape. Id. at 309, 312, 384-87. The suspect was apprehended. Id. at 313. Police searched the suspect and found his pockets contained money and valuables belonging to the Nighs. Id. at 314, 368-70, 385. More bags containing the Nighs' property were found in the house and on the back porch. Id. at 323-25. At trial, police officers identified the defendant, Larry Eugene Wright, as the man they apprehended in the Nighs' backyard. Id. at 368, 384. In addition, it is clear from the jury's verdicts, acquitting him of Counts I and III, that the jurors understood that the State had the burden of proof and were not unduly influenced by

9

prosecutor's attempt to shift the burden to the defense. As a result, upon review to the entire trial record, the Court finds Petitioner's trial on the charge of Robbery With a Firearm was not rendered fundamentally unfair as a result of the prosecutors' comments concerning "reasonable doubt" and the burden of proof. Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

Lastly, the Court notes that sentencing involves the application of state law which is not cognizable on federal habeas review unless a petitioner shows that the challenged sentence is outside the statutory limits or otherwise unauthorized by law. See Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). The OCCA noted that Petitioner's "jury was correctly instructed that the sentencing range for robbery with firearm was imprisonment for a term of 5 years to life. *See* 21 O.S.2001, § 801." Dkt. # 13, Ex. 4 at 15 n.33. By finding that Petitioner was not entitled to further relief on his claim of prosecutorial misconduct, the OCCA impliedly rejected Petitioner's claim that prosecutorial misconduct resulted in an excessive sentence. Petitioner's sentence of twenty-five years imprisonment is within the permissible range provided for by Oklahoma law. See Okla. Stat. tit. 21, § 801. Thus, any challenge to the length of the sentence imposed fails to state a cognizable claim for habeas relief. Dennis, 222 F.3d at 1258.

## C. Claims 1 and 2 are procedurally barred

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default

is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted).

In this case, grounds 1 and 2 as raised by Petitioner in his petition for writ of habeas corpus claim were first raised in his applications for post-conviction relief. See Dkt. # 13, Ex. 6. After the state district court denied relief, see id., the Oklahoma Court of Criminal Appeals ("OCCA") imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to file the post-conviction appeal within the time constraints imposed by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 13, Ex. 7. The OCCA specifically cited to Rule 5.2(C)(2) (providing that the petition in error and supporting brief must be filed within thirty (30) days of the filing of the trial court's final order), as authority for the procedural bar. See id.

As a preliminary matter, the Court previously denied Respondent's motion to dismiss for failure to exhaust, see Dkt. # 10, and determined that Petitioner had exhausted available state court remedies for these claims by presenting them in his post-conviction appeal. Petitioner argues in his reply (Dkt. # 15) that based on that determination, the Court should reject Respondent's argument that grounds 1 and 2 are procedurally barred. However, nothing in the Court's previous order can be read to support Petitioner's position.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (finding that failure to comply with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998)

(same). Therefore, federal habeas corpus review of Petitioner's grounds 1 and 2 is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner complains that he did not receive a copy of the State's response to his application for post-conviction relief prior to entry of the trial court's order denying the application. See Dkt. # 1. As a result, he claims he was unable to prepare a complete appeal within the time constraints imposed by state law. Id. The Court finds that Petitioner has failed to demonstrate adequate cause for his failure to comply with Oklahoma's appellate filing rules. See Gilkey v. Kansas, 58 Fed.Appx. 819, *2 (10th Cir. Feb. 4, 2003) (unpublished) (citing Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991)). Petitioner has not provided any evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state

procedural rules. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crimes for which he was convicted. Therefore, he does not fall within the fundamental miscarriage of justice exception. Petitioner's claims raised in grounds 1 and 2 of the petition are procedurally barred and habeas corpus relief must be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate judgment shall be entered in this case.

DATED THIS 23rd day of May, 2011.

*[signature: Terence C. Kern]*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE